UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH KELLY,

                       Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT BRIAN
DONOGHUE [SHIELD # 1054], DETECTIVE
ROBERT RODRIGUEZ [SHIELD # 1013], P.O.
BRIAN O'HANLON [SHIELD # 10952],
DETECTIVE RAYMOND MIELES [SHIELD #
2285], DETECTIVE SEAN CASEY [SHIELD #
917], DETECTIVE MOISES MARTINEZ
[SHIELD # 1945], DETECTIVE ERIC
ANDREOLI [SHIELD # 3178] and DETECTIVE
FRANCINE DEFEO [SHIELD # 7461],

                       Defendants.
-----------------------------------------------------------------X

Case No. 12 CV 5650 (SAS)

**AMENDED COMPLAINT**

JURY DEMAND

[RECEIVED NOV 08 2012 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, KENNETH KELLY, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Sergeant Brian Donoghue [Shield # 1054], Detective Robert Rodriguez [Shield # 1013], P.O. Brian O'Hanlon [Shield # 10952], Detective Raymond Mieles [Shield # 2285], Detective Sean Casey [Shield # 917], Detective Moises Martinez [Shield # 1945], Detective Eric Andreoli [Shield # 3178] and Detective Francine Defeo [Shield # 7461] (collectively, "defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Sergeant Brian Donoghue [Shield # 1054], Detective Robert Rodriguez [Shield # 1013], P.O. Brian O'Hanlon [Shield # 10952], Detective Raymond Mieles [Shield # 2285], Detective Sean Casey [Shield # 917], Detective Moises Martinez [Shield # 1945], Detective Eric Andreoli [Shield # 3178] and Detective Francine Defeo [Shield # 7461] (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about November 5, 2009, at approximately 7:20 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the intersection of East Tremont Avenue and Arthur Avenue, Bronx, New York, and charged plaintiff with PL 220.16(1) 'Criminal possession of a controlled substance in the third degree', among other charges.

10. Plaintiff, however, was not in possession of any controlled substance, and did not commit any offense against the laws of New York City and/or State for which the arrest may be lawfully made.

11. Prior to the arrest, plaintiff had stopped his vehicle for one of his friends when defendant police officers suddenly descended upon the plaintiff with their weapons drawn, and immediately grabbed the plaintiff and slammed plaintiff to the ground with great force.

12. Plaintiff was then immediately ordered by defendant police officers to submit himself to an illegal search, with defendant police officers punching and kicking the plaintiff.

13. Even though defendant officers did not find anything illegal, defendant officers nonetheless arrested the plaintiff.

14. That the defendant officers forcefully grabbed the plaintiff, tightly handcuffed him with his hands placed behind his back and pushed him with great force into their police vehicle.

15. After falsely arresting the innocent plaintiff, defendant officers transported plaintiff to the precinct.

16. Even though plaintiff repeatedly inquired as to the reason for his arrest, defendant officers ignored plaintiff's inquiries and did not inform plaintiff of any charges levied against him.

17. While at the precinct, defendant officers further subjected plaintiff to a strip naked and forced body cavity search in the presence and clear view of other individuals who were present at the time.

18. The aforesaid strip and body cavity search was illegal because defendant officers lacked reasonable suspicion to believe that plaintiff was in possession of contraband, weapons, and/or a means of escape.

19. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

20. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Bronx County District Attorney's Office.

21. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of a controlled substance.

22. On or about November 9, 2009, plaintiff appeared before a judge and was thereafter released on his own recognizance, but was required to return to the criminal court to defend against the false charges levied against him by defendant officers.

23. Eventually, the false charges levied against plaintiff were summarily dismissed.

24. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

25. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

26. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

27. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, abuse of process, failure to intervene, first amendment retaliation, illegal and unreasonable search and seizure, subjection to strip naked and forced body cavity searches, fabrication of evidence, violation of right to a fair trial, denial of due process rights and malicious prosecution.

29. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

30. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

31. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

33. Additionally, defendant City of New York, acting through District Attorney Robert T. Johnson and the Office of the District Attorney of the Bronx County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting

investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

34. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics and/or drug transactions.

35. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Vivian Billingsley v. City of New York* (12 CV 3765); *Michael Porter v. City of New York* (12 CV 3764); *Janina Jones v. City of New York* (11 CV 7043); *Eric Klati v. City of New York* (11 CV 7041); *Marcus King v. City of New York* (11 CV 2920); *Omar Peralta v. City of New York* (11 CV 2919); *Dwayne Campbell v. City of New York* (11 CV 2917); *Nancy Smith v. City of New York* (10 CV 9331).

36. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

37. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

38. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

39. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

45. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

47. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

WHEREFORE, plaintiff respectfully prays judgment as follows:

   a. For compensatory damages against all defendants in an amount to be proven at trial;

   b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

   c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

   d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       November 5, 2012

                UGO UZOH, P.C.

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, NY 11217
       (718) 874-6045

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENNETH KELLY,

                     Plaintiff,

         against

THE CITY OF NEW YORK, SERGEANT BRIAN DONOGHUE [SHIELD # 1054], DETECTIVE ROBERT RODRIGUEZ [SHIELD # 1013], P.O. BRIAN O'HANLON [SHIELD # 10952], DETECTIVE RAYMOND MIELES [SHIELD # 2285], DETECTIVE SEAN CASEY [SHIELD # 917], DETECTIVE MOISES MARTINEZ [SHIELD # 1945], DETECTIVE ERIC ANDREOLI [SHIELD # 3178] and DETECTIVE FRANCINE DEFEO [SHIELD # 7461],

                     Defendants.

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:



Defendant(s)/Attorney(s) For Defendant(s).

---

  Service of a copy of the within is hereby admitted

    Dated:_____

    Attorney(s) For:_____